CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 19 1999
[signature]

BRANDIS BUNNELL,

    Plaintiff,

v.

    No. CIV 98-1331 M/DJS

McKINLEY COUNTY CLERK CAROL SLOAN,
CORRECTIONAL SERVICE CORPORATION,
OFFICER GATEWOOD,
OFFICER SHORTY,
LIEUTENANT BROWN,
HAROLD "BOB" BASS,
McKINLEY COUNTY ADULT DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(e), and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se



complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was physically and sexually harassed by Defendants Gatewood, Shorty, and Brown, and that Defendants' employer, Correctional Service Corporation, sanctioned this conduct. No allegations are made against named Defendants Sloan, Bass, or McKinley County Adult Detention Center. Plaintiff contends that Defendants' conduct caused her emotional and mental suffering, and she seeks damages.

Whatever the merits of Plaintiff's allegations, as a result of certain 1996 amendments to 42 U.S.C. § 1997e, no relief is available on her claims. The pertinent statutory language states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." § 1997e(e); *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999). Plaintiff makes no allegation of physical injury connected to her alleged emotional distress, and she does not seek injunctive relief. *Perkins*, 165 F.3d at 808. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE